IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JANUS GLOBAL OPERATIONS LLC<br><br>v.<br><br>THE UNITED STATES | Case No. __20-1315 C__ |

**COMPLAINT**

COMES NOW Plaintiff Janus Global Operations LLC, by counsel, and for its cause of action against Defendant, the United States of America, states:

**Introduction**

1.  Janus Global Operations LLC ("Janus") appeals three letters issued by the Contracting Officer dated October 7, 2019, under the Contract Disputes Act, 41 U.S.C. § 7101 et seq. ("CDA"). The three letters propose, and request Janus to agree with, indirect cost rates for Fiscal Years 2014, 2015, 2016, and 2017 that differ materially from the indirect cost rates proposed by Janus in its Indirect Cost Proposal submissions.

2.  The procedural posture of this case is unusual. The Government may take the position that the three letters are final decisions by the Contracting Officer establishing indirect cost rates. Janus disputes that the letters are final decisions as defined under the CDA and will assert by subsequent motion that this Court is without subject matter jurisdiction.

3.  Janus is filing this Complaint to protect its rights to appeal the indirect cost rates if this Court decides that the letters are, in fact, final decisions. In that scenario, Janus seeks to litigate the substance of the proposed indirect rate agreements and respectfully requests that this

Court enforce the indirect cost rates as detailed in Janus's Indirect Cost Rate Proposals for Fiscal Years 2014, 2015, 2016, and 2017.

## Parties

4. Janus is a limited liability company organized under the laws of Delaware, with its principal place of business at 2265 Old Highway 95, Lenoir City, Tennessee 37771.

5. Defendant is the United States of America, its agents, officers, and employees in their official capacities, acting through United States Army Engineering & Support Center, Huntsville ("Government").

## Jurisdiction

6. This is a civil action brought by Janus against the United States pursuant to the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 7101-09, arising under numerous contracts including but not limited to Contract Nos. S-AQMMA-09-C-0148 and W912DY-10-D-0016.

7. The Government issued three letters from the Contracting Officer to Janus, all dated October 7, 2019, proposing, and requesting Janus to accept, indirect cost rates for certain Fiscal Years, by signing and returning the letters to the Government.  A true and accurate copy of these letters are attached as Exhibits 1, 2, and 3.

8. By letter dated October 14, 2019, Janus responded by refusing to sign the letters and stating that it disputed the Government's proposed indirect rates.

9. Less than one year has elapsed since Janus's receipt of the three letters dated October 7, 2019.

10. In accordance with 41 U.S.C. § 7104(b)(3), Janus timely appeals from Contracting Officer's letters dated October 7, 2019.

11. Janus disputes that the letters dated October 7, 2019, constitute final decisions and are thus inadequate to confirm jurisdiction. In the alternative, should the Court rule that the October 2019 letters constitute Contracting Officer final decisions, then this Court has jurisdiction to hear and decide this case pursuant to the CDA and the case should proceed accordingly.

## Statement of Facts

### A. Background Facts

12. Janus held several cost-plus-fixed-fee contracts between Fiscal Years 2014-2017. Two of these contracts were S-AQMMA-09-C-0148 and W912DY-10-D-0016.

13. Under cost-type contracts, the Government reimburses the contractor for the direct and indirect costs of performance. A contractor incurs direct costs for a particular contract. A contractor's indirect costs relate to its entire business operations, such as home office expenses, that benefit all contracts. Indirect costs must be allocated to all of a contractor's contracts.

14. FAR 52.216-7, the Allowable Cost and Payment clause, governs the payment of direct and indirect costs in cost-type contracts.

15. Because final indirect rates cannot be calculated until the end of a fiscal year, FAR 52.216-7(d) and FAR 42.704 establish through negotiation provisional indirect rates for invoicing purposes during the fiscal year.

16. At the end of the fiscal year, the contractor is required to calculate its actual indirect rates and quantify the difference between the provisional and actual indirect rates. The contractor then submits these calculations to the Government auditor in what is called an Incurred Cost Proposal. The Government auditor then reviews the Incurred Cost Proposal and

the supporting documentation to determine whether the Government agrees with the contractor's calculations.

17. If the auditor and the contractor do not agree on the contractor's calculations and cannot come to a negotiated agreement, FAR 42.705-2(b)(2)(iv) requires the auditor to forward its issues to the responsible Contracting Officer. The Contracting Officer will then assume responsibility for negotiating a final indirect rate agreement.

18. If the Contracting Officer and the contractor cannot negotiate a final indirect rate agreement for the fiscal year, FAR 42.705(c) allows the Contracting Officer to resolve the issue in a final decision that must comply with FAR 33.211. The contractor may then appeal that final decision to the relevant Board of Contract Appeals or this Court.

**B.     Janus Submits Indirect Cost Proposals Which Are Then Audited**

19. Janus regularly invoiced the Government for its work according to the terms of its contracts with the Government.

20. Janus billed the Government at the provisional indirect rates that were agreed to by the parties.

21. After the end of each Fiscal Year at issue, Janus submitted to the Government a separate, certified Indirect Cost Proposal for Fiscal Years 2014-2017.

22. On June 30, 2015, Janus submitted to the Government its Indirect Cost Proposal for Fiscal Year 2014.

23. On June 30, 2017, Janus submitted to the Government its Indirect Cost Proposal for Fiscal Year 2015.

24. On December 21, 2018, Janus submitted to the Government its Indirect Cost Proposal for Fiscal Year 2016.

25.     On December 21, 2018, Janus submitted to the Government its Indirect Cost Proposal for Fiscal Year 2017.

26.     The Defense Contract Audit Agency audited Janus's Incurred Cost Proposals and issued three audit reports.

27.     Audit Report No. 3211-2014B10100031, dated September 20, 2018, addressed Fiscal Year 2014.

28.     Audit Report No. 3211-2015B10100033, dated March 21, 2019, addressed Fiscal Year 2015.

29.     Audit Reports 3211-2016B10100001 and 3211-2017B1010001, dated May 20, 2019, addressed Fiscal Years 2016 and 2017.

    **C.     The Parties Disagree on the Government's Three Letters Relating to Janus's Indirect Rates**

30.     On October 7, 2019, the Government issued three letters to Janus[1] from the Contracting Officer as email attachments.  Copies of the DCAA Audit Reports described in paragraphs 26-29 as well as excerpts from Janus's Incurred Cost Proposals were also attached to the transmittal emails.

31.     The first letter addressed Fiscal Year 2014.  *See* Exhibit 1.

32.     The second letter addressed Fiscal Year 2015.  *See* Exhibit 2.

33.     The third letter addressed Fiscal Years 2016 and 2017.  *See* Exhibit 3.

34.     Each letter began with: "This letter sets forth the agreed upon final indirect cost rates established by CEHNC Contracting Officer determination in accordance with FAR 42.705-2(b)(2)(iv)."

---

[1] The letters are addressed to an entity named Caliburn, which is Janus's parent corporation.

35. Each letter contained a table listing proposed final indirect rates for various categories of indirect costs. The tables did not cover all categories of indirect costs that Janus proposed in its Incurred Cost Proposals.

36. Below is a comparison of the indirect rates proposed in Janus's FY 2014 Incurred Cost Proposal and the relevant letter from the Contracting Officer:

| Category[2] | Janus Incurred Cost Proposal | CO's Letter | Difference |
|---|---|---|---|
| M&E OH | 16.71% | 14.45% | (2.26%) |
| M&E G&A | 13.09% | 11.41% | (1.67%) |
| Risk Mgmt OH | 17.38% | 17.11% | (0.27%) |
| Risk Mgmt G&A | 26.05% | 12.47% | (13.58%) |
| Expeditionary Ops. OH | 6.49% | 6.20% | (0.29%) |
| Expeditionary Ops. G&A | 18.80% | 15.49% | (3.31%) |
| Afghan Region Svcs. OH | 22.09% | 21.86% | (0.22%) |

37. Below is a comparison of the indirect rates proposed in Janus's FY 2015 Incurred Cost Proposal and the relevant letter from the Contracting Officer:

| Category | Janus Incurred Cost Proposal | CO's Letter | Difference |
|---|---|---|---|
| Pool 560—Overhead | 6.42% | 6.27% | (0.15%) |
| Pool 660 G&A | 11.08% | 9.74% | (1.34%) |
| Pool 501—Afghan Region Svcs | 17.50% | 13.89% | (3.61%) |

38. The Contracting Officer did not propose different indirect rates for Fiscal Year 2016 or 2017. Janus appeals those letters for the time being to prevent the Government or this Court from perceiving the acceptance of the FY 2016 and 2017 rates as an acceptance of the FY 2014 and FY 2015 rates.

---

[2] Category names as provided in the Contracting Officer's letter.

6

39. None of the three letters state the reasons for the discrepancies between Janus's Incurred Cost Proposals and the Contracting Officer's letters. The letters also do not reference an external document explaining the reasoning behind the discrepancies.

40. Each letter included the following paragraph:

> This indirect rate understanding shall not change any monetary ceiling, contract obligation, or specific cost allowance or disallowance provided for in the contracts listed in Enclosure 1. This understanding is incorporated into each of the affected contracts upon execution.

41. None of the letters identified what constituted Enclosure 1. None of the documents included in the transmittal emails were identified as such.

42. Each letter asks Janus to: "Please confirm your acceptance of the terms of the indirect cost rate agreement by signing and returning this letter to me."

43. The Contracting Officer's letters do not state that they are final decisions, do not include any statement about Janus's rights to appeal, and do not make a demand for a sum certain, as required by FAR 33.211.

44. Janus did not sign any of the letters, thus it did not agree to the proposed final indirect rates.

45. Instead, by letter dated October 14, 2019, Janus rejected the letters and stated that it was preserving its rights to dispute the letters. *See* Exhibit 4.

## **Cause of Action**

### **Count I – Breach of Contract**

46. Janus and the Government entered into several contracts, including S-AQMMA-09-C-0148 and W912DY-10-D-0016.

47. Under these contracts, the Government agreed to reimburse Janus for allowable indirect costs.

48.     Janus incurred allowable indirect costs and requested payment through the appropriate process detailed in the Federal Acquisition Regulation.

49.     The Government now refuses, without justification, to reimburse Janus for indirect costs that are allowable as stated in Janus's Incurred Cost Proposals.

50.     By refusing to reimburse Janus for allowable costs, the Government is in breach of contract, specifically, FAR 52.216-7, the Allowable Cost and Payment Clause.

51.     By refusing to reimburse Janus for allowable costs, Janus will suffer monetary damages.

## **Prayer for Relief**

52.     Wherefore, Janus respectfully requests this Court to enter judgment in Janus's favor and against Defendant and to provide the following relief, stated in the alternative:

a. A judgment declaring that the October 7, 2019, letters do not constitute Contracting Officer's Final Decisions under the CDA and dismissal for lack of jurisdiction.

b. In the alternative, a judgment rejecting the proposed indirect rates stated in the October 2019 letters, enforcing the indirect rates in Janus's Indirect Cost Proposals, and compelling the Government to pay Janus $6,298,454.

Respectfully submitted,

Date:  October 2, 2020

*/s/ Edmund M. Amorosi*
Edmund M. Amorosi (eamorosi@smithpachter.com)
*Counsel of Record*
Stephen D. Knight (sknight@smithpachter.com)
Michael T. Gwinn (mgwinn@smithpachter.com)
*Of Counsel*
SMITH PACHTER MCWHORTER PLC
8000 Towers Crescent Drive, Suite 900
Tysons, Virginia 22182
Tel: 703-847-6300
Fax: 703-847-6312

# Exhibit 1



**DEPARTMENT OF THE ARMY**
CORPS OF ENGINEERS, HUNTSVILLE ENGINEERING AND SUPPORT CENTER
P.O. BOX 1600
HUNTSVILLE, ALABAMA 35807-4301

October 7, 2019

REPLY TO ATTENTION OF

Contracts Management Division B
Ordnance and Explosives Contracting Branch

Subject:  FY 2014 Contracting Officer Determined Indirect Rate Agreement Letter

Mr. Robert Craig
Janus Global Operations, Incorporated
2229 Old Highway 95
Lenoir City, Tennessee 37771

Dear Mr. Craig:

This letter sets forth the agreed upon final indirect cost rates established by CEHNC Contracting Officer determination in accordance with FAR 42.705-2 (b) (2) (iv).

The final annual indirect cost rates for the fiscal year ended 2014 are as follows:

| Cost Center | CEHNC Recommended | | | |
|---|---|---|---|---|
| | Expense Pool | Allocation Base | Rate | Description |
| M&E Overhead | $4,973,405.00 | $34,418,866.00 | 14.45% | (a) |
| M&E G&A | 9,455,268.00 | 82,851,187.00 | 11.41% | (b) |
| Risk Mgmt OH | 796,125.00 | 4,653,240.00 | 17.11% | (a) |
| Risk Mgmt G&A | 2,414,639.00 | 19,371,114.00 | 12.47% | (b) |
| Expeditionary Ops. OH | 110,772.00 | 1,786,554.00 | 6.20% | (a) |
| Expeditionary Ops. G&A | 458,902.00 | 2,962,555.00 | 15.49% | (b) |
| Afghan Region Svcs. OH | 5,719,096.00 | 26,157,636.00 | 21.86% | * |

(a) Segment Direct Labor, Purchased Labor, B&P and Applied Fringe
(b) Segment Total Cost Input
* Afghan Region Services OH is corporate allocations

These rates are applicable to the base costs specified for each of the contracts performed during the fiscal year 2014.

The allowable costs by contract for the indicated fiscal year, and from inception, are shown in your FY2014 incurred cost proposal submission as Schedule of Direct Costs by Contract and Subcontract and Indirect Expense Applied at Claimed Rates (Schedule H), and Schedule of Cumulative Direct and Indirect Costs Claimed and Billed (Schedule I) by contract.

This indirect rate understanding shall not change any monetary ceiling, contract obligation, or specific cost allowance or disallowance provided for in the contracts listed in Enclosure 1.  This understanding is incorporated into each of the affected contracts upon execution.

The subject rates do not include any specific indirect cost items which were treated as direct costs in the settlement of the subject rates.

-2-

There were no contracts that contained advance agreements or special provisions rendering these rates inapplicable, in part or whole.

Please confirm your acceptance of the terms of the indirect cost rate agreement by signing and returning this letter to me. A duplicate of this letter is provided for your records.

In accordance with FAR 52.216-7 (d) (5), you shall submit a completion invoice or voucher to reflect the settled amounts and rates including settled subcontract amounts and rates (if applicable) within 120 days after settlement of the final annual indirect cost rates for all years of a physically complete contract. Audit adjustments should be clearly delineated so as to be readily identifiable for verification by the Contracting Officer. Care should be taken that amounts claimed do not exceed contract limitations or contract indirect cost rate ceilings.

In accordance with FAR 52.216-7 (d) (2) (v), for contracts entered into after June 30, 2011, you are required to update the billings on all contracts to reflect the final settled rates and update the schedule of cumulative direct and indirect costs claimed and billed within 60 days after settlement of final indirect cost rates.

Sincerely,

MULLADY.RICHARD.J.1090040282
Digitally signed by MULLADY.RICHARD.J.1090040282
Date: 2019.10.07 11:13:34 -05'00'

Richard J. Mullady
Contracting Officer
US Army Engineering &
  Support Center, Huntsville

Enclosure

Janus Global Operations, Incorporated accepts the above stated final indirect cost rates.

Name: _____    Signature: _____

Title: _____    Date: _____

# Exhibit 2



**DEPARTMENT OF THE ARMY**
CORPS OF ENGINEERS, HUNTSVILLE ENGINEERING AND SUPPORT CENTER
P.O. BOX 1600
HUNTSVILLE, ALABAMA 35807-4301

REPLY TO
ATTENTION OF

October 7, 2019

Contracts Management Division B
Ordnance and Explosives Contracting Branch

Subject: FY 2015 Contracting Officer Determined Indirect Rate Agreement Letter

Mr. Robert Craig
Janus Global Operations, Incorporated
2229 Old Highway 95
Lenoir City, Tennessee 37771

Dear Mr. Craig:

This letter sets forth the agreed upon final indirect cost rates established by CEHNC Contracting Officer determination in accordance with FAR 42.705-2 (b) (2) (iv).

The final annual indirect cost rates for the fiscal year ended 2015 are as follows:

| Cost Center | Expense Pool | Allocation Base | Rate | Description |
|---|---|---|---|---|
| Pool 560 – Overhead | $3,563,973 | $56,844,377 | 6.27% | (a) |
| Pool 660 G&A | 14,733,461 | 151,281,579 | 9.74% | (b) |
| Pool 501 – Afghan Region Svcs | 6,385,872 | 34,418,866 | 13.89 | * |

(a) Segment Direct Labor, Purchased Labor, B&P and Applied Fringe
(b) Segment Total Cost Input
* Afghan Region Services OH is corporate allocations

These rates are applicable to the base costs specified for each of the contracts performed during the fiscal year 2015.

The allowable costs by contract for the indicated fiscal year, and from inception, are shown in your FY2015 incurred cost proposal submission as Schedule of Direct Costs by Contract and Subcontract and Indirect Expense Applied at Claimed Rates (Schedule H), and Schedule of Cumulative Direct and Indirect Costs Claimed and Billed (Schedule I) by contract.

This indirect rate understanding shall not change any monetary ceiling, contract obligation, or specific cost allowance or disallowance provided for in the contracts listed in Enclosure 1. This understanding is incorporated into each of the affected contracts upon execution.

The subject rates do not include any specific indirect cost items which were treated as direct costs in the settlement of the subject rates.

There were no contracts that contained advance agreements or special provisions rendering these rates inapplicable, in part or whole.

Please confirm your acceptance of the terms of the indirect cost rate agreement by signing and returning this letter to me. A duplicate of this letter is provided for your records.

In accordance with FAR 52.216-7 (d) (5), you shall submit a completion invoice or voucher to reflect the settled amounts and rates including settled subcontract amounts and rates (if applicable) within 120 days after settlement of the final annual indirect cost rates for all years of a physically complete contract. Audit adjustments should be clearly delineated so as to be readily identifiable for verification by the Contracting Officer. Care should be taken that amounts claimed do not exceed contract limitations or contract indirect cost rate ceilings.

In accordance with FAR 52.216-7 (d) (2) (v), for contracts entered into after June 30, 2011, you are required to update the billings on all contracts to reflect the final settled rates and update the schedule of cumulative direct and indirect costs claimed and billed within 60 days after settlement of final indirect cost rates.

Sincerely,

MULLADY.RICHARD.J.1090040282
Digitally signed by MULLADY.RICHARD.J.1090040282
Date: 2019.10.07 12:49:27 -05'00'

Richard J. Mullady
Contracting Officer
US Army Engineering &
 Support Center, Huntsville

Enclosure

Janus Global Operations, Incorporated accepts the above stated final indirect cost rates.

Name: _____     Signature: _____

Title: _____      Date: _____

# Exhibit 3



**DEPARTMENT OF THE ARMY**
CORPS OF ENGINEERS, HUNTSVILLE ENGINEERING AND SUPPORT CENTER
P.O. BOX 1600
HUNTSVILLE, ALABAMA 35807-4301

October 7, 2019

REPLY TO ATTENTION OF

Contracts Management Division B
Ordnance and Explosives Contracting Branch

Subject: FY2016 & FY2017 Contracting Officer Determined Indirect Rate Agreement Letter

Mr. Robert Craig
Janus Global Operations, Incorporated
2229 Old Highway 95
Lenoir City, Tennessee 37771

Dear Mr. Craig:

This letter sets forth the agreed upon final indirect cost rates established by CEHNC Contracting Officer determination in accordance with FAR 42.705-2 (b) (2) (iv).

The final annual indirect cost rates for the fiscal year ended 2016 and 2017 are as follows:

| Final Indirect Cost Rates for 2016 | | | | | |
|---|---|---|---|---|---|
| | Cost Center | Expense Pool | Allocation Base | Rate | Descr |
| Fringe | | | | | |
| 101 | Fringe – Offer Letter CONUS | $4,890,232 | $10,091,765 | 48.4576% | (a) |
| 102 | Fringe – Offer Letter OCONUS | 442,974 | 958,984 | 46.1920% | (a) |
| 105 | Fringe – Service Contract Act CONUS | 22,737 | 53,405 | 42.5741% | (a) |
| 106 | Fringe – Contractor MR/CMS CONUS | 33,856 | 317,337 | 10.6689% | (a) |
| 107 | Fringe – Contractor OCONUS DBA | 594,276 | 6,664,957 | 8.9164% | (a) |
| 108 | Fringe – Local Nationals IRAQ/AFG DBA | 286,944 | 33,962,736 | 0.8449% | (a) |
| 114 | Fringe – TCN Home Leave | 165,344 | 3,062,781 | 5.3985% | (a) |
| 117 | Fringe – LN TCN (NO HL) NO-DBA | (29,928) | 19,430 | -154.0307% | (a) |
| OH | | | | | |
| 501 | Afghan Region Services | $6,708,203 | $44,803,431 | 14.9725% | (b) |
| 502 | Africa Region Services | 112,648 | - | 0.00% | (b) |
| 503 | Iraq Region Services | 692,172 | 59,381 | 1165.64% | (b) |
| 560 | Public Overhead | 5,445,314 | 57,408,871 | 9.4851% | (b) |
| G&A | | | | | |
| 660 | Public G&A | $15,292,018 | $142,990,979 | 10.6944% | (c) |

Allocation Base:
(a) Total Direct and Indirect Labor
(b) Direct Labor
(c) Total Cost Input

| Final Indirect Cost Rates for 2017 | | | | | |
|---|---|---|---|---|---|
| | Cost Center | Expense Pool | Allocation Base | Rate | Descr |
| Fringe | | | | | |

| 101 | Fringe – High Benefits | $6,886,619 | $13,134,373 | 54.4320% | (a) |
|---|---|---|---|---|---|
| 106 | Fringe – Low Benefits | 620,120 | 6,503,194 | 9.5356% | (a) |
| 108 | Fringe – Local Nationals (NO HL) DBA | 15,351 | 19,551,549 | 0.0785% | (a) |
| 114 | Fringe – TCN Home Leave | (7,159) | 5,268,611 | -0.1359% | (a) |
| OH | | | | | |
| 501 | Afghan Region Services | $6,658,957 | $21,918,761 | 30.3802% | (b) |
| 503 | Iraq Region Services | 3,227 | 9,697,222 | 0.03% | (b) |
| 560 | Public Overhead | 4,502,524 | 47,668,107 | 9.4456% | (b) |
| G&A | | | | | |
| 660 | Public G&A | $14,182,506 | $129,709,732 | 10.9340% | (c) |

Allocation Base:
(a) Total Direct and Indirect Labor
(b) Direct Labor
(c) Total Cost Input

These rates are applicable to the base costs specified for each of the contracts performed during the fiscal year(s) 2016 and 2017.

The allowable costs by contract for the indicated fiscal year, and from inception, are shown in your FY2016 & FY2017 incurred cost proposal submission as Schedule of Direct Costs by Contract and Subcontract and Indirect Expense Applied at Claimed Rates (Schedule H), and Schedule of Cumulative Direct and Indirect Costs Claimed and Billed (Schedule I) by contract.

This indirect rate understanding shall not change any monetary ceiling, contract obligation, or specific cost allowance or disallowance provided for in the contracts listed in Enclosure 1. This understanding is incorporated into each of the affected contracts upon execution.

The subject rates do not include any specific indirect cost items which were treated as direct costs in the settlement of the subject rates.

There were no contracts that contained advance agreements or special provisions rendering these rates inapplicable, in part or whole.

Please confirm your acceptance of the terms of the indirect cost rate agreement by signing and returning this letter to me. A duplicate of this letter is provided for your records.

In accordance with FAR 52.216-7 (d) (5), you shall submit a completion invoice or voucher to reflect the settled amounts and rates including settled subcontract amounts and rates (if applicable) within 120 days after settlement of the final annual indirect cost rates for all years of a physically complete contract. Audit adjustments should be clearly delineated so as to be readily identifiable for verification by the Contracting Officer. Care should be taken that amounts claimed do not exceed contract limitations or contract indirect cost rate ceilings.

In accordance with FAR 52.216-7 (d) (2) (v), for contracts entered into after June 30, 2011, you are required to update the billings on all contracts to reflect the final settled rates,

-3-

and update the schedule of cumulative direct and indirect costs claimed and billed within 60 days after settlement of final indirect cost rates.

Sincerely,

MULLADY.RICHARD.J.1090040282
Digitally signed by MULLADY.RICHARD.J.1090040282
Date: 2019.10.07 11:50:57 -05'00'

Richard J. Mullady
Contracting Officer
US Army Engineering &
  Support Center, Huntsville

Enclosure

Janus Global Operations, Incorporated accepts the above stated final indirect cost rates.

Name: _____   Signature: _____

Title: _____   Date: _____

# Exhibit 4



14 October 2019

Richard J. Mullady
Contracting Officer
Department of the Army
Corps of Engineers, Huntsville Engineering and Support Center
P.O. Box 1600
Huntsville, AL 35807-4301

RE: FY 2014, FY 2015, FY 2016, FY 2017 Contracting Officer Determined Indirect Rate Agreement Letters

Dear Mr. Richard Mullady:

We are in receipt of the above-referenced Contracting Officer Determined Indirect Rate Agreement letters and are hereby notifying you that we do not accept the terms of the proposed indirect cost rate agreements. We remain fundamentally opposed to the positions taken by the DCAA Huntsville office in the related audit reports and the Corps of Engineers decision to sustain their findings.

We intend to exercise our rights under the Disputes clause of the affected contracts and the Contract Disputes Act to challenge the rate determinations.

As stated in our previous communication, we welcome the opportunity to meet with your office to discuss the findings noted in the DCAA audit reports and offer our position on their findings for discussion and negotiation.

Sincerely,

Robert Craig
Director of Government Compliance

Afghanistan • Bosnia • Egypt • Germany • Iraq • Laos • Libya • Mozambique • Nigeria • Somalia • South Africa • Turkey • Uganda • United Arab Emirates • United Kingdom • Huntsville, AL • Lenoir City, TN • Washington, D.C.

ISO 9001:2015, ISO 14001:2015, OHSAS 18001:2007, ISO 18788:2015, and ANSI/ASIS PSC.1-2012 Certified

JANUSGO.COM